IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EUGENE JACKSON                              *
       Petitioner,
v.                                          *      CIVIL ACTION NO. WMN-07-2902
                                                   CRIMINAL NO. WMN-01-0464
UNITED STATES OF AMERICA                    *
       Respondent.
                                  *****

**MEMORANDUM**

The above-captioned 28 U.S.C. § 2255 Motion to Vacate, received for filing on October 25, 2007, challenges Petitioner's July 19, 2002, drug convictions. Paper No. 144. Petitioner raises several claims attacking his convictions and sentences on actual innocence, due process, jurisdictional, and ineffective assistance of counsel grounds.

The instant Motion to Vacate is the third such motion filed by Petitioner. The first such Motion was filed on June 28, 2004, *see* Paper No. 116, and subsequently denied by this court after briefing February 8, 2005. Papers No. 127 & 128. The United States Court of Appeals for the Fourth Circuit denied Petitioner's certificate of appealability and dismissed his appeal. Paper No. 131.

On December 15, 2006, Petitioner filed a Motion Seeking Relief from Judgment. Paper No. 134. On April 20, 2007, the court construed the pleadings as a § 2255 motion and dismissed same for lack of jurisdiction.[1]  Paper Nos. 135 & 136. The Fourth Circuit subsequently denied Petitioner's certificate of appealability and dismissed his appeal. Paper No. 141.

---

[1] A Motion to Alter of Amend Judgment, received for filing on or about May 2, 2007, was denied. *See* Paper Nos. 137 & 138.

As the instant Motion to Vacate is the third motion to vacate to be filed by Petitioner, it must be dismissed for lack of jurisdiction. Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit. Consequently, this Court may not consider the merits of his claim unless and until he receives the certification. The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without subject matter jurisdiction to review the instant Motion to Vacate.[2] The matter shall be dismissed without prejudice.

---

[2] Petitioner claims that this is not a successive § 2255 motion because no action was ever taken on these questions in his first motion to vacate and it would constitute "manifest injustice" to dismiss the

2

/S/

Date: 10/31/07
_____
William M. Nickerson
Senior United States District Judge

---

instant motion as successive.  Paper No. 144 at 13.  The court finds such arguments unavailing.